19-977-ag
Chen v. Garland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of August two thousand twenty-one.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

HENG CHEN,

    *Petitioner*,

               v.                                                        19-977

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

    *Respondent*.

_____

Appearing for Petitioner:     Mona Liza F. Lao, New York, N.Y.

Appearing for Appellee:       Joseph H. Hunt, Assistant Attorney General; Linda S. Wernery Assistant Director; Steven K. Uejio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

Appeal from the Board of Immigration Appeals.

    **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and it hereby is **DENIED.**

Heng Chen, a native and citizen of the People's Republic of China, seeks review of a March 19, 2019, decision of the Board of Immigration Appeals ("BIA") affirming a December 1, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Heng Chen,* No. A 208 618 110 (B.I.A. Mar. 19, 2019), *aff'g* No. A 208 618 110 (Immig. Ct. N.Y. City Dec. 1, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). The IJ may, "[c]onsidering the totality of the circumstances" base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's [adverse] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the adverse credibility determination.

The IJ reasonably relied on inconsistencies in Chen's testimony and between his testimony and other evidence regarding the timeline of his introduction to Christianity and the raid on his underground church. When counsel for the Department of Homeland Security asked Chen whether he had any exposure to religion prior to his 2014 application for a student visa, Chen initially responded that his sister spread the gospel to him before then, but he later testified that his sister did not spread the gospel to him until February 2015 after she came to the United States, and his sister initially testified that she first spoke to him about Christianity after he arrived in the United States in 2016. The IJ was not required to credit his explanation that he knew of his sister's practice before December 2014, but she did not spread the gospel to him until February 2015, or his sister's explanation that she misunderstood the question. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Moreover, Chen's account of the police raid on his church in China was inconsistent with the details provided in his friend's letter. The IJ reasonably declined to credit Chen's explanation that he was just giving a general account because it did not resolve why he provided different details. *See Majidi*, 430 F.3d at 80–81.

Given these inconsistencies that called Chen's credibility into question, the IJ also reasonably relied on Chen's failure to provide reliable corroborating evidence.[1] *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Chen does not challenge this finding in this Court and "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013).

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We have considered the remainder of Chen's arguments and find them to be without merit. Accordingly, the petition for review is DENIED. Chen's motion for a stay is also DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The IJ's reliance on omissions from Chen's asylum application and his father's letter provide little additional support for the decision because the omitted information did not contradict Chen's later statements. *See Hong Fei Gao*, 891 F.3d at 78 (holding that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony" (internal quotation marks omitted)). But the findings are not erroneous as a factual matter and do not undermine the inconsistency findings discussed above.